UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. CASTILLO,<br><br>                    Plaintiff,<br><br>       v.<br><br>A. OJEDA, *et al.*,<br><br>                    Defendants. | Case No.: 1:25-cv-00569-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 11)<br><br>ORDER DENYING REQUEST FOR COURT ORDER REGARDING LAW LIBRARY<br><br>(Docs. 10, 11) |

Plaintiff Christopher R. Castillo is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on May 14, 2025. (Doc. 1). Pending before the Court is Plaintiff's motion seeking appointment of counsel (Doc. 11) and a request for a court order addressing denial of privileges for access to the law library (Docs. 10, 11).

**Discussion**

    **a. Motion for Appointment of Counsel**

        **i.** *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (quotations and citations omitted).

### *ii. Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see also* Doc. 2 at 3-4. Plaintiff's complaint has not yet been screened. At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See*, *e.g.*, Docs. 1, 10, 11). *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)

1  (explaining that "[a]lthough discovery was essential … the need for such discovery does not
2  necessarily qualify the issues involved as 'complex'"); *Williams v. Whitehurst*, No. 4:08CV21-
3  SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are
4  serious, they are not complex nor will he be required to do legal research since the court is familiar
5  with the law on claims of excessive force and failure to protect"). Stated another way, Plaintiff's
6  belief that the claims are complex is not the test. Rather, the type of claim or claims asserted are
7  the subject of the Court's consideration of complexity.

8      To the extent Plaintiff relies upon his indigency and incarceration to support his motion,
9  those circumstances do not qualify as exceptional circumstances warranting the appointment of
10 counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan.
11 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil
12 rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal.
13 Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of
14 success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-
15 cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is
16 proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face").
17 *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10,
18 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of
19 legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM
20 (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most
21 prisoners, such as lack of legal education and limited law library access, do not establish exceptional
22 circumstances that warrant a request for voluntary assistance of counsel").

23     Further, the fact an attorney may be better able to perform research, investigate, and
24 represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at
25 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied
26 appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in
27 the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same);
28 *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016)

1  (while a pro se litigant may be better served with the assistance of counsel were the case to proceed
2  to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional
3  circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL
4  90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-
5  examination of witnesses do not indicate the presence of complex legal issues warranting a finding
6  of exceptional circumstances").

7  The test is not whether Plaintiff would benefit from the appointment of counsel; the test is
8  whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the
9  appointment of counsel. As such, Plaintiff's motion for appointment of counsel is denied.

### b. Request for Court Order Regarding Law Library Access

Plaintiff asserts that he requested priority legal user ("PLU") access to the law library at his facility due to having two deadlines and seeking to exhaust his Fourteenth Amendment rights. (Doc. 10 at 1). Plaintiff states that he is being denied law library access. (Doc. 11 at 1). He attaches a California Department of Corrections and Rehabilitation ("CDCR") PLU Request and Declaration form, dated May 27, 2025, noting denial of PLU status for lack of deadlines, with the explanation that "consent forms and submitting IFP applications do not require legal research." The decision notes that Plaintiff "may attend library as GLU." *Id.* at 2.

#### i. Applicable Legal Standards

California prisons must provide legal materials through their law libraries in order to provide prisoners meaningful access to the courts. Cal. Code Regs. tit. 15, § 3122(a). Prisoners who wish to use the law library fall into two categories: General Legal Users ("GLUs") and Priority Legal Users ("PLUs"). *Id.* § 3122(b). PLUs are provided higher priority access to law library resources than GLUs, and a prisoner obtains PLU status by providing documentation from the court verifying imposed deadlines or by identifying the legal rule compelling the deadline. *Id.* § 3122(b)(1). A prisoner must submit a form to the law librarian setting forth the deadline. The request must be processed within seven calendar days after receipt and, if denied, the reasons must be set forth on the form with a copy provided to the prisoner. *Id.* § 3122(b)(4). A prisoner who does not have PLU status may still access the law library on GLU status. *Id.* § 3122(b).

4

"Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)). There are no established minimum requirements for fulfilling the access requirements and, thus, "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989) (quotation omitted). "The Ninth Circuit has held that for a prisoner to establish that his access to the courts was violated 'because of inadequate access to a law library [he] must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, *i.e.*, show a specific instance in which [he] was actually denied access to the courts.'" *Asberry v. Relevante*, No. 1:16-CV-01741-JLT-HBK (PC), 2022 WL 17542031, at *1 (E.D. Cal. Dec. 8, 2022) (quoting *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994)).

### ii. Analysis

Here, the request is dated and signed by Plaintiff on May 27, 2025, with the denial dated and signed on May 28, 2025. (Doc. 11 at 2). Where the form asks, "[i]dentify the statute or court rule that compels the deadline," Plaintiff has written, "filing fee and consent to jurisdiction of a United States magistrate judge, writ of [habeas] corpus." The denial is noted as due to Plaintiff's proffered deadlines not requiring legal research, and noting he may attend the library on GLU status. *Id.* Plaintiff provides no facts asserting access so limited as to be unreasonable, nor actual injury.

Thus, the denial of PLU status comports with the applicable law and Plaintiff has not shown inadequate access to the law library. *See Asberry*, 2022 WL 17542031, at *2 ("As regards Plaintiff's classification status, precedent dictates prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges … Plaintiff's classification level lies within the purview of the prison administrator's expertise and the Court will defer to their decision.") (citations omitted).

5

Accordingly, Plaintiff's request for a court order addressing denial of privileges for access to the law library (Docs. 10, 11) is denied.

**Conclusion and Order**

For the reasons given above, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for appointment of counsel (Doc. 11) is DENIED.
2. Plaintiff's request for a court order addressing denial of privileges for access to the law library (Docs. 10, 11) is DENIED.

IT IS SO ORDERED.

Dated:   **September 18, 2025**                            _____
                                                                           UNITED STATES MAGISTRATE JUDGE