UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER R. CASTILLO,

          Plaintiff,

    v.

A. OJEDA, *et al.*,

          Defendants.

Case No. 1:25-cv-00569-CDB (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE

(Doc. 15)

**21-DAY DEADLINE**

Clerk of the Court to Assign District Judge

Plaintiff Christopher R. Castillo is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on May 14, 2025. (Doc. 1).

**I.    Background**

On December 5, 2025, the undersigned issued the first screening order, finding that Plaintiff had pled certain cognizable claims and failed to cognizably allege other claims. (Doc. 15). Plaintiff was directed to respond within 30 days by filing an amended complaint curing the deficiencies identified in the screening order, by filing a notice of his intent to stand on the complaint as screened, or by filing a notice of voluntary dismissal. *Id.* at 17. Plaintiff was advised

therein that "[i]f Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey the Court's order and failure to prosecute." *Id.* (emphasis omitted). The screening order was served on Plaintiff. *See* (docket entry "Service by Mail," dated 12/05/2025).

Plaintiff failed to file a response and the deadline to do so has passed.

## II.    Governing Law and Analysis

A pro se plaintiff must comply with orders of the court. Local Rule ("L.R.") 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by responding to the first screening order, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to respond to the first screening order is delaying this case and interfering with docket management.

Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's orders and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration, monetary sanctions would be of little efficacy. Moreover, at the early stage of these proceedings, the preclusion of evidence or witnesses is not appropriate. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Here, Plaintiff has been warned that failure to obey this Court's orders will result in a recommendation that this action be dismissed. (Doc. 15 at 17). Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not, therefore, weigh completely against dismissal.

After weighing these factors, the undersigned finds that dismissal without prejudice is appropriate.

///

///

///

3

**III.     Conclusion and Recommendation**

The Clerk of the Court is directed to randomly assign a U.S. District Judge.

For the foregoing reasons, it is hereby RECOMMENDED:

1.     This action be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute this action; and

2.     The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 14, 2026**                                          _____
                                                            UNITED STATES MAGISTRATE JUDGE

4